# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MARCUS TAYLOR,

        Plaintiff,

v.                                                                                      Case No. 10-CV-10259
                                                                                        Honorable Bernard A. Friedman

CAROL HOWES, et. al.,

        Defendants.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Before the Court is Plaintiff Marcus Taylor's *pro se* civil rights complaint brought pursuant to 42 U.S.C. § 1983. The plaintiff is a Michigan prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. In his *pro se* complaint, the plaintiff names the following as defendants: (1) Carol Howes, Warden, Lakeland Correctional Facility, (2) Donna J. Croston, Registered Nurse at Lakeland Correctional Facility, (3) Unknown #1, Physician's Assistant at Lakeland Correctional Facility, (4) Unknown # 2, Physician's Assistant at Lakeland Correctional Facility, and (5) Unknown Lieutenant Nocliaga at Lakeland Correctional Facility. All of the defendants are employed at the Lakeland Correctional Facility in Coldwater, Michigan, and the described incident in the plaintiff's complaint occurred when he was confined at the Lakeland Correctional Facility. Coldwater is in Branch County, Michigan.

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there

is no other district in which plaintiff may bring the action. 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses, in the interest of justice.

Having reviewed the complaint, the Court finds that the United States District Court for the Western District of Michigan is a more appropriate forum for this action. For purposes of the present complaint, the defendants reside in Branch County. Branch County lies in the Southern Division of the Western District of Michigan. *See* 28 U.S.C. § 102(b).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan. 28 U.S.C. §§ 1391(b) and 1404(a).

S/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: January 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2010, by electronic and/or ordinary mail on Marcus Taylor.

S/Felicia Moses for Carol Mullins
Case Manager